UNITED STATES OF AMERICA

IN THE EASTERN DISTRICT OF MICHIGAN

Corey R. Cervantes  File No.
    Plaintiff,

v.  Hon.
                                                            U.S. District Court Judge

Bradley Elston,
    Defendant.
_____/
J. Nicholas Bostic P40653
Attorney for Plaintiff
909 N. Washington Ave.
Lansing, MI 48906
517-706-0132
_____/

## COMPLAINT AND JURY DEMAND

Plaintiff, for his complaint, states:

1. Plaintiff is a competent adult and a resident of Jackson County, Michigan.

2. Defendant Bradley Elston is a police officer for Defendant City of Jackson, his county of residence is unknown, and he conducts his duties in Jackson County in the Eastern District of Michigan.

3. This cause of action arose in the City of Jackson, Jackson County, Michigan.

4. All Defendants were at all times acting under color of law.

5. The damages exceed $25,000.00.

6. This Court has jurisdiction pursuant to 28 USC §§1331 and 1343(a)(4) for the federal claims and 28 USC §1367(a) for the state law claims.

GENERAL ALLEGATIONS

7. Paragraphs 1- 7 are incorporated herein by reference.

8. On or about September 2, 2016 at approximately 11:55 p.m., Jackson Police Officer Timothy Hibbard observed Plaintiff riding a bicycle in the City of Jackson and believed that the bicycle was not equipped with lights.

9. Officer Hibbard initially yelled at Plaintiff to stop from his police car and had not yet activated any of the emergency equipment on his car.

10. Plaintiff yelled back over his shoulder to the vehicle an intention to not stop due to recent violent events in the area and the time of night.

11. Officer Hibbard then activated his emergency equipment but Plaintiff panicked and did not stop.

12. Defendant Elston assisted in making an arrest of Plaintiff for a petty misdemeanor and/or civil infraction violation.

13. At approximately 12:10 a.m., September 3, 2016, Defendant Elston tackled Plaintiff off of a moving bicycle.

14. Plaintiff was pinned to the ground by Defendant Elston with Plaintiff face down and Defendant Elston straddling Plaintiff from behind.

15. With no warning and while Plaintiff was unable to respond, Defendant Elston used his fist to punch Plaintiff in the jaw.

16. The blow to Plaintiff's jaw caused his jaw to fracture.

17. As a result of the injury, Plaintiff had to have medical procedures performed which included having his jaw wired shut.

18. Defendant Elston and Officer Galbreath then struck Plaintiff in the back with hard blows for 10 to 15 seconds.

19. Defendant Elston then used a chemical spray on Plaintiff's face causing Plaintiff to attempt to use his hands to remove the chemical spray.

20. Plaintiff was compliant at the time the chemical spray was used.

### COUNT 1 – 42 U.S.C. §1983 – FOURTH AMENDMENT VIOLATION
### (Excessive Force)

21. Paragraphs 1 through 20 above are incorporated herein by reference.

22. Plaintiff did not offer any resistance after being tackled off of the bicycle.

23. Plaintiff did not threaten any harm toward the officers.

24. Plaintiff was unarmed.

25. Initially, Plaintiff's arms were pinned beneath him as both officers had their weight on his back.

26. The application of force using a fist punch to the face was unreasonable under the circumstances.

27. The application of force by striking Plaintiff in the back was unreasonable under the circumstances.

28. The application of force using the chemical spray was unreasonable under the circumstances.

29. The application of force in any individual manner or collectively was a violation of the Fourth Amendment to the United States Constitution.

30. On September 3, 2016, it was clearly established that an officer could not use force on a compliant arrestee.

31. On September 3, 2016, it was clearly established that an officer could only use that force reasonably necessary to effect an arrest or detention.

32. No reasonably trained and experienced police officer would have believed that it was reasonable to punch Plaintiff in the face, use chemical spray on Plaintiff or strike Plaintiff in the back for 10 to 15 seconds on September 3, 2016

33. No reasonably trained and experienced police officer would have believed that the force used on September 3, 2016 on Plaintiff was lawful.

34. Plaintiff was damaged as a result of the excessive force in that he suffered the pain of the injuries from the blows, the irritation to his skin and eyes from the chemical spray, hospitalization, medical procedures, having his jaw wired shut, a restricted diet, and approximately $25,000.00 in medical bills.

35. Plaintiff was damaged as a result of the excessive force in that he suffered the loss of the protection of the Fourth Amendment to the United States Constitution and the damages described above.

36. The actions of Defendant Elston were willful and malicious.

37. The actions of Defendant Elston were intentionally designed to inflict humiliation, embarrassment, and mental anxiety to Plaintiff Cervantes.

38. The actions of Defendant caused excessive anxiety, stress, inconvenience, and emotional distress to Plaintiff Cervantes.

39. Defendant Elston engaged in deliberate conduct in violation of clearly established constitutional requirements.

WHEREFORE, Plaintiff Cervantes requests that this Court enter judgment in favor of Plaintiff and against Defendant Elston in an amount not less than $25,000.00.

## COUNT II – ASSAULT AND BATTERY
(state law)

40. Paragraphs 1 through 32 above are incorporated herein by reference.

41. Defendant Elston committed an intentional touching of Plaintiff by punching him in the jaw, spraying him with chemical irritant, and striking his back.

42. Defendant Elston's conduct was an offensive touching.

43. Defendant Elston's conduct caused Plaintiff the injuries described above.

WHEREFORE, Plaintiff Cervantes requests that this Court enter judgment in favor of Plaintiff and against Defendant Elston in an amount not less than $25,000.00.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff requests that judgment enter for Plaintiff and

1. against Defendant as specified in the individual counts above;

2. against Defendant for exemplary damages in an amount not less than $25,000.00;

3. against Defendant for his attorney fees as allowed by 42 USC §1988;

4. against Defendant for interest on the award to the date of filing of this complaint;

5. grant such other relief as allowed by law.

VERIFICATION AND SIGNATURE BY PARTY:

5/19/2017
Date

*Corey Cervantes*
Corey Ryan Cervantes
Plaintiff

SIGNATURE BY ATTORNEY:

10/01/2017
Date

/J. Nicholas Bostic
J. Nicholas Bostic P40653
Attorney for Plaintiff

## **JURY DEMAND**

Plaintiff hereby demands trial by jury on all counts.

<u>11/01/2017</u>                                                      */J/ Nicholas Bostic*
                                                                                 J. Nicholas Bostic P40653
                                                                                 Attorney for Plaintiff
                                                                                 909 N. Washington
                                                                                 Lansing, MI  48906
                                                                                 517-706-0132
                                                                                 barristerbostic@att.net